# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAFSHI BENNETT,<br><br>      Plaintiff,<br><br>      v.<br><br>LOS ANGELES COUNTY;<br>LOS ANGELES COUNTY<br>   SHERIFF'S DEPARTMENT;<br>DOES 1-10, Individually, and in their<br>   capacity as Deputy Sheriffs for the<br>   County of Los Angeles, California,<br><br>      Defendants. | Case No. 2:23-cv-10475-JWH-DFM<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and all the records and files herein, along with the Report and Recommendation of the assigned United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made.

Plaintiff Kafshi Bennett filed this civil rights action based upon a February 2023 encounter with members of Defendant Los Angeles County Sheriff's Department at the Los Angeles District Attorney's office. Bennett visited the District Attorney's office to voice his displeasure regarding an ongoing investigation.[1] The R&R recommends that this Court grant Defendant's motion for summary judgment.[2] Bennett's objections to the R&R do not merit any change to its findings or recommendations.[3]

Bennett objects that it is disputed that, during the encounter, he was falsely accused of sexually harassing an investigator at the District Attorney's office, to which Bennett reacted strongly as an "emotional assault."[4] Bennett's objection is not responsive to the R&R's analysis of his First Amendment claim. As the R&R found, Bennett had no constitutional right to speak to anyone in the District Attorney's office.[5] And as the R&R further found, even if the Court assumes that Bennett was engaging in constitutionally protected activity, Bennett presented no facts to establish a genuine dispute regarding whether his criticisms of the District Attorney's office were the but-for cause of the Bailiff

---

[1] First Am. Compl. [ECF No. 13] ¶¶10-33.
[2] Report and Recommendation of United States Magistrate Judge (the "R&R") [ECF No. 29].
[3] Pl.'s Obj. to the R&R (the "Objections") [ECF No. 30].
[4] *Id.* at 1-3.
[5] R&R 7.

Sergeant encouraging or ordering Bennett to leave the courthouse.[6] It is undisputed that the investigator requested assistance from the Bailiff Sergeant because Bennett had made inappropriate comments, he appeared mentally unstable, and he refused to leave.[7]

Bennett also objects that he was ejected by force from the District Attorney's office, in violation of the Fourth Amendment.[8] That objection does not undermine the R&R's finding that there was no seizure.[9] The fact that Bennett was prohibited in his ability to remain in the District Attorney's office does not constitute the type of stifled movement required to establish a seizure or detention for the purpose of the Fourth Amendment.[10] Any attempt by Defendant to assist Bennett in the process by leading him to the exit and encouraging him to leave, without any force whatsoever, does not constitute a "seizure."[11]

Accordingly, it is hereby **ORDERED** as follows:

1. The findings, conclusions, and recommendations of the United States Magistrate Judge are **ACCEPTED**.

2. Judgment shall be entered **GRANTING** Defendant's motion for summary judgment and **DISMISSING** this case **with prejudice**.

**IT IS SO ORDERED.**

Dated: June 23, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[6] *Id.* at 8.
[7] *Id.*
[8] Objections 3-4.
[9] R&R 10.
[10] *Id.*
[11] *Id.* at 11.